## FRERICHS *v.* COSTER.

*(Circuit Court, S. D. New York.* January 10, 1885.)

1. INTERNAL REVENUE—SEIZURE OF PROPERTY—REV. ST. § 989—CERTIFICATE OF PROBABLE CAUSE.

The court is not justified in granting a certificate pursuant to Rev. St. § 989, that a collector of internal revenue, who seized the property of the plaintiff upon the pretense that he was unlawfully carrying on the business of a distiller, "acted under the direction of the secretary of the treasury, or other proper officer of the government," when it appears that he acted pursuant to the request of a revenue agent who was instructed to make the request by the chief clerk of a supervisor.

2. SAME—POWER OF CIRCUIT COURT—REFUSAL OF CERTIFICATE BY DISTRICT COURT UNDER REV. ST. § 970.

Where the district court, in the original proceedings, has refused to grant a certificate of reasonable cause, under Rev. St. § 970, the circuit court cannot certify "that there was probable cause for the act done by the collector," under section 989.

In May, 1876, the defendant, then collector of internal revenue, seized the property of the plaintiff upon the pretense that he was unlawfully carrying on the business of a distiller. This issue was tried and resulted in a verdict for the plaintiff. The collector asked for a certificate of reasonable cause, under section 970, Rev. St., which was refused by the court. *U. S.* v. *Frerichs,* 16 Blatchf. 547; S. C. 106 U. S. 160; S. C. 1 Sup. Ct. Rep. 169. The present action to recover damages was then commenced against the collector personally. The case was tried at the December circuit and resulted in a verdict for the plaintiff.

*H. E. Davies,* for the motion.

*Edward Salomon* and *Elihu Root,* U. S. Atty., opposed.

COXE, J. The court is asked to grant a certificate, pursuant to section 989, Rev. St., that the defendant "acted under the directions of the secretary of the treasury, or other proper officer of the government." The motion is founded upon the evidence of Edward McLeer, who testified in substance, as follows:

"In May, 1876, I was a revenue agent attached to the office of the supervisor of New York. I had examined the plaintiff's distillery and reported the result to the chief clerk of the supervisor, who was acting in the latter's absence. I was instructed by him to request the defendant to make the seizure of plaintiff's distillery. Subsequently I went to defendant's office, and, the defendant not being there, made the request of his deputy."

Do these facts present the case contemplated by the statute referred to? It is thought not. The construction of this testimony most favorable to the defendant is that he acted pursuant to the request of a revenue agent, who was instructed to make the request by the chief clerk of a supervisor. The plain intent of the statute, in my judgment, is that the direction to the collector shall shield him only when given by some officer of the government who has the undoubted authority to direct. Unless the collector is under some obligation to heed the instuctions, he is not protected. The defendant here was not required to perform the unlawful act complained of because of any request or demand disclosed by this testimony. Neither the revenue agent nor the chief clerk stood in such a relation to him that he could be protected by following their instructions or censured for refusing so to do.

Upon the case presented the defendant has not succeeded in showing that he acted under the directions of a "proper officer of the government." I do not mean to intimate that a revenue agent may not, in certain circumstances, be such an officer. He may receive from his chief, instructions, general or special, clothing him with the most

extensive powers. There is, however, no question of this character now before the court.

In a supplemental brief submitted for the defendant, the proposition is advanced, that notwithstanding the refusal of the district court in the original proceedings to grant a certificate of "reasonable cause," under section 970, Rev. St., this court may now certify "that there was probable cause for the act done by the collector," under section 989. There is very serious doubt whether this position can be sustained. To assert that there is probable cause for an act which is without reasonable cause certainly seems paradoxical. If the act is illegal, irrational and unjust; if there is no cause for it dictated by reason; no cause of sufficient importance to satisfy a reasonable man, it can hardly be maintained that a person guilty of such an act has probable cause for what he does. To hold otherwise would lead the court to the illogical conclusion that a seizure made without reasonable cause, may yet be a seizure the justice of which is susceptible of proof, a seizure having a preponderance of argument in its favor, a seizure "supported by evidence which inclines the mind to belief." It is thought that a result favorable to the defendant's theory in this regard, can be reached only by a process of reasoning so attenuated, that a distinction, if discovered, would in all probability be too infinitesimal for practical application. But, even conceding that the action of the district court is not conclusive, it is sufficient upon this branch of the motion to say that there is nothing of which to predicate a certificate of probable cause, there is no evidence, properly before the court, bearing upon this question in any appreciable degree. For these reasons I am constrained reluctantly to refuse the certificate.