## RANKIN GILMOUR & CO., Limited, v. NEWTON, Collector of Customs.

### (District Court, S. D. New York. August 18, 1920.)

### No. 604.

1. **Customs duties ⊙⇒109—Collector cannot be sued in official capacity.**

   A collector of customs cannot be sued in his official capacity; the remedy being by suit against him individually to recover money wrongfully exacted under color of his office, or by suit against the United States, under Judicial Code, § 24, subd. 20 (Comp. St. § 991 [20]).

2. **Courts ⊙⇒296—Complaint against collector must show controversy under the federal laws or diverse citizenship.**

   A complaint against a collector of customs individually to recover money wrongfully exacted by him must show either that the Constitution and laws of the United States are involved, or diverse citizenship of the parties, to be maintainable in the United States District Court.

3. **Courts ⊙⇒299—Counts against collector for money received held not to show jurisdiction.**

   Counts in a complaint against a collector of customs individually, which merely alleged generally that defendant had received the money to plaintiff's use, without showing that the money was exacted under color of his office, do not show a controversy under the laws of the United States, which must appear, not by mere inference but by distinct averments, to give the United States court jurisdiction, in the absence of diversity of citizenship.

4. **Pleading ⊙⇒369 (6)—Motion to require election held to authorize dismissal of insufficient counts.**

   A motion to require plaintiff to elect on which one of the five causes of action alleged against defendant, both individually and as collector of customs of the port, plaintiff intended to proceed, and also ask for such further relief as he might be entitled to, authorizes orders dismissing all counts against defendant in his official capacity, and dismissing four of the five counts against him in his individual capacity, for failure to allege jurisdictional facts.

At Law. Action by Rankin Gilmour & Co., Limited, against Byron R. Newton, individually and as Collector of Customs of the Port of New York. On motion by defendant to compel plaintiff to elect on which of the five causes of action set up in the complaint it will proceed, and for further relief. All causes of action dismissed as against defendant in his official capacity; four causes of action dismissed as against him in his individual capacity.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for plaintiff.

Francis G. Caffey, U. S. Atty., and J. Joseph Lilly and Richard S. Holmes, Asst. U. S. Attys., all of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. This is a motion to compel plaintiff to elect on which of the five causes of action set up in the complaint it will proceed, and for further relief.

[1] The actions were brought against Byron R. Newton, individually and as collector of the customs of the port of New York. I have been referred to no statutory provisions which authorize a suit against the defendant as collector. The suit must be brought against him individually to recover money wrongfully exacted while acting under color of his office. This was given by the common law.

Under section 24, subd. 20, of the Judicial Code (Comp. St. § 991 [20]), such a suit may also apparently be brought in this court against the United States. United States v. Emery, B. T. Realty Co., 237 U. S. 28, 35 Sup. Ct. 499, 59 L. Ed. 825. For the reason that no action may be brought against the collector as such, I think all causes of action should be dismissed as against him in his official capacity.

[2] In regard to the action against the collector individually, the complaint must show in respect to each action that the Constitution and laws of the United States are involved, or the causes of action must fail, for there is no allegation of diverse citizenship. Hull, v. Burr, 234 U. S. 712, 34 Sup. Ct. 892, 58 L. Ed. 1557.

The first cause of action is for money received and collected by the defendant to plaintiff's use. The allegations are very scanty, and do not set forth the grounds or color of title under which the moneys were collected. They seem to me to proceed with far less particularity than the forms for any of the common counts would indicate to be customary. This will be apparent from reading Chitty, or any of the old books on pleading, which in the recitals of the "whereas clause" were accustomed to set forth the nature of the consideration, or the relation between the parties which gave rise to the receipt of moneys for the use of the plaintiff.

The second cause of action contains mere conclusions, namely, that the defendant was indebted to the plaintiff for money paid by the plaintiff to the use of the defendant. This, again, is subject to the same difficulty as the first cause of action.

The third cause of action goes even farther than the first and second in failing to plead any facts, and simply sets forth that the defendant was indebted.

The fourth cause of action, I am inclined to think, does set forth an account stated, although in an unusual and inartificial form.

[3] None of these four counts, however, set forth any law of the United States under which the defendant claimed the right to collect moneys, or whereby he became indebted or stated an account. Such pleading far from complies with the rule laid down in the case of Hall v. Burr, supra, where Mr. Justice Holmes said the dispute or controversy respecting the validity, construction, or effect of some law of the United, States must appear, "not by mere inference, but by distinct averments, according to the rules of good pleading. * * *"

As there are no allegations of diverse citizenship, and it appears affirmatively that the amount of $3,000 is not involved, this court can have no jurisdiction of such controversy, and the first four causes of action should be dismissed.

I may add that I can see no reason for any cause of action that does not recite the ultimate facts showing that penalties were being

illegally exacted and were paid under protest. The first four causes of action would in any view seem to be surplusage. As this is clearly the case, I think the first four causes of action as against the collector individually, and all causes of action as against him in his official capacity should be dismissed. The plaintiff may then proceed to litigate against the defendant individually in respect to its fifth cause of action.

[4] The defendant has asked in its motion papers for such further relief as he might be entitled to, and I think the foregoing orders of dismissal may properly be granted at this time.

Settle order on notice.