COSULICH LINE OF TRIESTE v. ELTING, Collector of Customs.

No. 304.

Circuit Court of Appeals, Second Circuit. April 7, 1930.

Charles H. Tuttle, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Wood, Molloy & France, of New York City (Melville J. France, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

This action seeks the recovery of two fines, claimed to have been illegally imposed and paid under duress. Appellee, a steam-

ship company, transported two aliens into this country from Europe, at different times. Both were found by the Secretary of Labor to be illiterate and quota immigrants who were possessed of nonquota immigrant visas. Fines of $2,000 each were imposed for each immigrant; $1,000 being imposed under provision of U. S. Code, title 8, § 145 (8 USCA § 145), of the Immigration Act of 1917, for bringing an alien into the country who was unable to read, and $1,000 for violation of the U. S. Code, title 8, § 215, of the Immigration Act of 1924, § 16 (8 USCA § 215), in bringing in the same alien who was a quota immigrant, having an immigration visa, which specified him as a nonquota immigrant. After paying the fines under protest, this action was instituted against the collector individually, described as collector of customs, port of New York.

The first question presented is whether, the appellant having paid the fines in question into the Treasury of the United States, an action will lie against him individually; and the second, May more than one fine be imposed against the steamship company for bringing the same alien into the United States who is denied admission because of illiteracy and possessing only a nonquota visa?

■ The deposit by the collector of the moneys into the Treasury is no bar to a judgment against him. Rev. St. § 989 (28 USCA § 842); De Lima v. Bidwell, 182 U. S. 1, 179, 21 S. Ct. 743, 45 L. Ed. 1041.

When the fines were imposed under sections 145 and 216 of title 8, U. S. Code (8 USCA §§ 145, 216), they were paid under a protest, which was filed with the Secretary of Labor. It was necessary to pay the fines because clearance papers at the port of New York were refused to the steamship which transported the aliens. Appellee concedes a fine of $1,000 per alien may be imposed, but seeks collection of the second fine of $1,000 on each alien.

■ The right of action for money had and received lies against a collector to recover moneys illegally collected with the notice that they were paid under protest. Suits for unlawful and illegal exactions by a collector of customs have been maintained successfully as ordinary actions of assumpsit. Arnson v. Murphy, 109 U. S. 238, 3 S. Ct. 184, 27 L. Ed. 920; Barber v. Schell, 107 U. S. 617, 2 S. Ct. 301, 27 L. Ed. 490; Elliott v. Swartwout, 10 Pet. 137, 9 L. Ed. 373. In Oceanic Navigation Co. v. Stranahan, 214 U. S. 320, 29 S. Ct. 671, 53 L. Ed. 1013, the action was brought against a collector to recover immi-

gration penalties which had been collected under protest by the collector of the port of New York from the steamship company. The money had been paid to the collector under protest, and the company was coerced into cash payment because clearance papers had been refused the steamship. The court held that, if unlawfully exacted, recovery may be had. See, also, Dollar S. S. Line v. Hyde (C. C. A.) 23 F.(2d) 910; Compagnie Francaise de Navigation a Vapeur v. Elting (C. C. A.) 19 F.(2d) 773; Rankin Gilmour & Co., Ltd., v. Newton (D. C.) 270 F. 332; Jones Steamship Corp. v. Hamilton (D. C.) 255 F. 799.

We have held that actions may be maintained against the collector individually. Frerichs v. Coster (C. C.) 22 F. 637; Hendricks v. Gonzalez (C. C. A.) 67 F. 351; section 989, Rev. St., title 28, § 842, of the U. S. Code (28 USCA § 842). Provision is made for payment by the United States Treasury when a recovery is had in any suit or proceeding against a collector or officer of the revenue for any act done by him, or for the recovery of any money exacted by or paid to him and by him paid into the treasury in the performance of his official duties, if there be probable cause for the act done by the collector or other officer. Title 28, § 842, U. S. Code (28 USCA § 842).

■ The second question involves whether multiple fines can, under the law, be imposed for bringing in the same alien to the United States. Sections 145 and 216 of title 8 of the U. S. Code (8 USCA §§ 145, 216) indicate from their language that one fine for each alien is intended. As to each alien, there was but one transportation, although each had two reasons for their exclusion. The offense was the transportation of the aliens into the country. The aim of Congress was to prevent the entrance of immigrants who, for many reasons, might be undesirable. The original act related only to aliens subject to the disability of idiocy, insanity, embezzlement, and feeble-mindedness. Later was added the desirability of including mental or physical defects, and, at a still later date, disability for illiteracy. And then came the refusal of immigrants not coming within the Quota Law. Congress did not intend to add cumulative fines for the same alien who may be subject to more than one of these disabilities. The phrase of the statute refers to "a fine," not "fines." The fine for bringing an alien who is illiterate into the United States is "$1,000 and in addition a sum equal to that paid by such alien for his transportation

from the initial point of departure * * * to the port of arrival." The fine imposed for bringing an alien into the United States in violation of the quota provisions is "$1,000 and in addition a sum equal to that paid by such alien for his transportation from the initial point of departure * * * to the port of arrival." The passage money so collected is to be delivered by the collector of customs to the alien on whose account it is assessed. It is highly improbable that Congress intended to both impose a fine of $1,000 for each reason why the alien is not admissible and at the same time impose a sum equal to the passage money for each reason for exclusion. The Nanking (C. C. A.) 290 F. 769. Under the statute, the imposition of that part of the penalty which requires payment of the passage money is as necessary and indispensable as payment of the $1,000 fine. The Secretary of Labor was without power to change the fine or penalty fixed by Congress, and any excess sum or additional fine was illegally exacted. In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; Whitworth v. United States (C. C. A.) 114 F. 302.

Judgment affirmed.