**FRENCH v. DISTRICT TITLE INS. CO.**

**et al.**

**No. 6243.**

United States Court of Appeals for the District of Columbia.

Argued Dec. 5, 6, 1934.

Decided Jan. 28, 1935.

W. Gwynn Gardiner and James M. Earnest, both of Washington, D. C., for appellant.

E. C. Brandenburg and Louis M. Denit, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an action at law to recover damages sustained as the result of an alleged false certification of certain promissory notes. A demurrer to the declaration was sustained, and judgment entered in favor of defendants (appellees). From that judgment, this appeal was taken.

The declaration contains a single count. It alleges the defendants were title companies whose business was to examine and certify titles to real estate in the District of Columbia; that they jointly prepared or caused to be prepared, or released or caused or permitted to be released, and/or delivered for circulation certain notes executed by one Robert N. Taylor, payable to sundry payees and indorsed without recourse; that the notes were similar, except for names, and contained, among other things, the following written and printed matter on their face:

"$1,000.00

"Washington, D. C., July 1, 1929.

"Three years after date I promise to pay to the order of Robert G. Van Vranken one thousand dollars for value received with interest, payable semiannually, at the rate of 6 per cent per annum until paid.

"Privilege reserved of paying this note at any time before maturity upon payment of interest to date of payment and two months' interest in advance.

"Payable at the office of Wardman Corporation, Washington, D. C.

"Robert N. Taylor.

"No. 1 of 8:

"This is to certify that this is one of the notes described in a deed of trust to the trustees named hereon, bearing even date herewith and noted in this company's certificate of title numbered 172834.

"District Title Insurance Co.,

"Lawyers Title Insurance Co.,

"Washington Title Insurance Co.,

"By Charles W. Stetson,

"Vice President."

"Retain this note after payment that the trustees may be satisfied as to its cancellation when a release is desired."

On the margin of said note appears the following:

"Wardman Corporation, 1437 K Street NW., Washington, D. C. Investment Department.

"Secured by first deed of trust to the National Bank of Washington, trustee, conveying lot 21, square 2789, as described in deed of trust."

On the back of said note is the following indorsement:

"Pay to the order of ———.

"Without recourse to me.

"Robert G. Van Vranken.

"Harry Wardman.

"Thomas P. Bones."

That the statement appearing on the notes, to wit. "secured by first deed of trust," was false and incorrect; that the notes were not secured by a first deed of trust, but were secured by a "junior lien" upon the property described; and that the notes were acquired by plaintiff relying upon the certification made by defendants, that they were "secured by a first deed of trust."

The grounds of demurrer are:

1. That plaintiff's alleged cause of action is barred by the statute of limitations.

2. The declaration is duplicitous.

3. It fails to allege facts as distinguished from conclusions, and

4. Negligence is alleged in the alternative and disjunctive.

We think the lower court was right in sustaining the demurrer.

■ The theory of plaintiff's (appellant's) case is that the title companies executed and permitted to be circulated—which we take to mean negotiated—a promissory note containing on the face thereof a certificate, made by the title companies, to the effect that it was secured by first deed of trust on certain described property in Washington City. If this were all, the difficulty would be much greater, but when we look at the note, which is copied in full in the declaration, we find that it does not sustain this theory. It is, of course, fundamental that if the terms and conditions of the note are misstated in the declaration, we must be controlled by the former. In other words, if the allegations of the declaration are not in conformity with the terms of the note, the court will look to the. note rather than the pleading. The Supreme Court states the rule to be that "averments of the bill as to the purport and meaning of the provisions of the indenture, the object of their insertion in the instrument, and the obligations they imposed upon the corporation and the trustees, and the rights they conferred upon the plaintiff when his contract was approved, are not admitted by the demurrer. These are matters of legal inference, conclusions of law upon the construction of the indenture, and are open to contention, a copy of the instrument itself being annexed to the bill, and, therefore, before the court for inspection. A demurrer only admits facts well pleaded; it does not admit matters of inference and argument however clearly stated; it does not admit, for example, the accuracy of an alleged construction of an instrument, when the instrument itself is set forth in the bill, or a copy is annexed, against a construction required by its terms; nor the correctness of the ascription of a purpose to the parties when not justified by the language used. The several averments of the plaintiff in the bill as to his understanding of his rights, and of the liabilities and duties of others under the contract, can, therefore, exert no influence upon the mind of the court in the disposition of the demurrer. * * * The meaning of the indenture in its bearing upon the contract * * * must be ascertained by applying to its language the ordinary rules of interpretation." Dillon v. Barnard, 21 Wall. 430, 437, 438, 22 L. Ed. 673.

■ Here the plaintiff's case is buttressed wholly on the allegation that the title companies certified that the notes in question were secured by a first deed of trust on Washington property, but when we look to the note itself we find no certificate to that effect, but an entirely different certificate, a certificate which on its face contains no more than an identification of the particular note with a particular deed of trust. There is neither statement nor warranty, in the title companies' certificate, as to the character of the lien. The declaration does not charge a conspiracy on the part of the title companies and Wardman Corporation to palm off the notes as first-mortgage notes, nor does it charge a case in fraud or deceit on the part of defendants, in conjunction with either Wardman Corporation or the maker of the note. Plaintiff purchased the note without any other assurance than appears upon its face, and he brings this action based upon the mistaken conclusion that the statement appearing on the margin of the note is a certification by the title companies which misled him to his injury, when an inspection of

the note fails to show that the title companies made it, or authorized it, or were in any respect parties to it; and there is no allegation in the declaration that, fairly interpreted, shows a different state of facts.

We, therefore, base our affirmance on the third ground of the demurrer. The other grounds are not sufficient. In this jurisdiction the defense of the statute of limitations in an action at law cannot be raised by demurrer, and we think this rule obtains even where the declaration shows on its face that the statutory period has expired. The reason of this is that the plaintiff is entitled to an opportunity to avoid the bar, if he can, by replication. The other grounds of demurrer we need not refer to, except to say that we think the declaration was not duplicitous and that, reading the language used in its ordinary acceptation, it contains of itself, when not brought into collision with the provisions of the note, sufficient facts to authorize relief. In this view, and because we do not know on what ground the lower court sustained the demurrer, we think it fair to remand the case with directions to set aside the judgment appealed from and to enter a new judgment sustaining the demurrer on the single ground covered by this opinion, but with leave to plaintiff, if he is so minded, to amend his declaration within ten days from the entry of the judgment.

Modified and remanded.

Costs to be paid by appellant.