### VINCENT v. UNITED STATES.

### No. 6303.

United States Court of Appeals for the District of Columbia.

Argued Jan. 10, 1935.

Decided Feb. 11, 1935.

Warren E. Miller, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., and John W. Wood, Sp. Asst. to U. S. Atty., both of Washington, D. C., and Randolph C. Shaw, Sp. Asst. to Atty. Gen., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

Appellant brought this suit October 6, 1931, against the United States, on a contract of war risk insurance, under section 19 of the World War Veterans' Act of 1924, as amended (38 USCA § 445).

In his declaration he alleged that on the date his contract of insurance lapsed for nonpayment of premium, namely, May 1, 1919, he was suffering from a compensable disability; that he became totally permanently disabled on August 1, 1920; and that on the latter date there was due him compensation under a rating made by the Director of the United States Veterans' Bureau sufficient in amount to maintain his contract in full force and effect from the date of the lapse to August 1, 1920, by virtue of the provisions of section 305 of the act (44 Stat. 799 [38 USCA § 516]).

Appellee filed a plea to the declaration, setting up the defense of res judicata.

Appellant demurred. On the hearing the demurrer was overruled. Appellant elected to stand upon the demurrer, and judgment was entered for appellee.

From that judgment this appeal was taken. The record contains a stipulation, from which it appears that appellant had instituted suit on February 4, 1927, against the

United States in the District of Columbia Supreme Court, in which recovery was sought on the same contract which is the subject of suit in the instant case. In the first suit, total permanent disability was alleged as existing from April 5, 1919, and such disability, it was contended, had been continuous from that date to the time the original suit was filed. A verdict in that suit was rendered against appellant, and judgment entered. On appeal to this court, the judgment was affirmed January 6, 1930. 59 App. D. C. 197, 37 F.(2d) 824.

On this appeal appellant assigns error in the action of the court below in holding the judgment in the former suit a bar to recovery in this.

The United States raises the further question of limitations in the institution of the suit.

We shall notice this latter point first.

Section 19 of the World War Veterans' Act of 1924, as amended, provides in part as follows: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act [July 3, 1930], whichever is the later date: * * * *Provided,* That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: *Provided further,* That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director."

Appellant did not commence this suit until October 6, 1931, which was more than six years after the right accrued and more than one year after July 3, 1930, the date of approval of the amendatory act. The suit, therefore, was barred unless the limitation was suspended for three months and three days by reason of the filing in the Bureau of the claim sued on. The declaration does not show when claim was filed in the Bureau nor how long thereafter it was denied by the director, but it does show that it was filed in accordance with the provisions of law and was subsequently refused.

The position of the United States is that section 19 is a statute of limitation on suits and that appellant's failure to show compliance with its provisions is jurisdictional, and that this court, notwithstanding the question was not raised below, should itself arrest the proceeding and dismiss the appeal. The argument is not without force, for it has been frequently decided that, although the general rule is that a statute of limitation must be pleaded, in the case of the government the fact that the suit was timely brought must affirmatively appear in the pleadings or in the evidence. In Finn v. United States, 123 U. S. 227, page 232, 8 S. Ct. 82, 85, 31 L. Ed. 128, the Supreme Court said: "The duty of the court, under such circumstances, whether limitation was pleaded or not, was to dismiss the petition; for the statute, in our opinion, makes it a condition or qualification of the right to a judgment against the United States. * * *" But that case, as well as most other similar cases on this subject, was instituted under the provisions of a statute, or statutes, which did not contain the proviso found in section 19 of the World War Veterans' Act of 1924, and so it is obvious that here, if appellant had alleged in his declaration that the period elapsing between the filing of claim in the Bureau and its denial was three months and three days or more, the suit would have been timely. In this view, the question we have to decide is whether failure so to allege is such a fatal defect as to compel a dismissal of the appeal, or an affirmance of the judgment, where the point was not raised or considered by the trial court. The identical question was decided by the Court of Appeals for the Fourth Circuit as recently as January 8, 1935, in United States v. Ellison, Administratrix, 74 F.(2d) 864, 869. There Judge Parker said:

"In addition to this, we think that, if the government intended to rely on the statute of limitations, it should have raised the question in the court below. Where the statute provides, as does this, that the running of limitations is to be suspended during certain contingencies which can be shown on the trial if the question of limitations is raised, common fairness demands that, if the government intends to rely upon limitations, it should raise the question there or be precluded from raising it. Such a question is like that of disagreement between the claimant and the Bureau, which is also jurisdictional; and as to it the Eighth Circuit has held, and we think properly, that it cannot be raised for the first time in the appellate court. U. S. v. Kiles (C. C. A. 8th) 70 F.(2d) 880, 881.

"It is true that the institution of the suit within the time permitted by statute, like the showing of disagreement with the Bureau, is a condition precedent to the exer-

cising of jurisdiction by the court. But where the court has general jurisdiction of the parties and the subject-matter, and jurisdiction of the particular cause is dependent upon the existence of facts which, if they are disputed, can probably be easily proven, such a point is waived by failure to raise it by timely objection in the trial court. U. S. v. Edwards (C. C. A. 8th) 23 F.(2d) 477, 480; 15 C. J. 845. As said by Judge Gardner in the Kiles Case, supra, 'a total want of jurisdiction of the subject-matter cannot, of course, be waived, but where the court has general jurisdiction of the subject-matter, and the jurisdiction of a particular case is dependent upon the existence of certain facts, the jurisdiction may be waived by a failure to make timely and specific objections.' "

We are disposed to adopt this wholesome doctrine for the purposes of this case. Here, as we have seen, the suit was dismissed on a plea of res judicata, and appellant has had no trial on the merits. If the government had relied upon the statute of limitations, in fairness it should have urged that ground below where there was opportunity to appellant, if the facts justified it, to bring himself within the proviso contained in section 19 of the act. To permit it to be raised here for the first time, and thus foreclose all of appellant's rights, would be totally unjustifiable unless we are forced to, and we think we are not. In the District of Columbia the defense of the statute of limitations in an action at law cannot be raised even by demurrer; and we have declared this rule obtains where the declaration shows on its face that the statutory period has expired. French, Receiver, v. District Title Ins. Co., —— App. D. C. ——, 75 F. (2d) 650, decided January 28, 1935. We do not now say that the rule referred to, made in the case of private litigants, applies in the case of the United States. We have no occasion to go that far, but we do say that, even admitting it would be the duty of a court to dismiss a suit against the United States if the declaration shows on its face that the statutory period has expired, it would be equally its duty when the question is brought to its attention, upon request of the party plaintiff, to permit an amendment to the declaration to supply the omitted jurisdictional facts; so that what we have said does not affect or deny the right of the government, hereafter in a timely manner, to raise the question now sought for the first time to be raised here.

We think, also, the action of the court below in sustaining the plea of res judicata was error. The stipulation, to which we have referred, shows that in the trial of the original suit and after the evidence had been introduced, counsel for the plaintiff (appellant) requested the court to charge the jury that if they should find that in the month of August, 1920, there was due the plaintiff by the defendant the sum of approximately $330 for compensation allowances from the time of his discharge to that date, that, in that case, it was the duty of the defendant (the United States) to then apply so much of said sum as was necessary to keep alive and in force and effect the insurance certificate sued on, etc., etc. The purpose of this motion was to obtain the benefits of section 305 of the act of 1924, as amended (38 US CA § 516), which provides for the reinstatement of policies of war risk insurance where insured at the time of the lapse was suffering from a compensable disability, and thus to change the date of proof of the commencement of total and permanent disability from the date of discharge from the Army and the coincident lapsing of the policy to the latter date, in this case August, 1920. The trial court refused so to charge, and then ensued a colloquy between court and counsel, in which appellant requested leave to amend his declaration, showing the time of total and permanent disability as of the August, 1920, date, rather than the date originally alleged. Counsel for the government objected to the amendment, and the court refused to permit it and instructed the jury that the right to recover depended upon satisfactory proof that plaintiff's total and permanent disability had existed since April, 1919, as alleged in the declaration.

It will thus be seen that the sole issue made in the pleadings and tried to the jury in the first suit was whether appellant was totally and permanently disabled within the meaning of the War Risk Insurance Act on April 5, 1919, for obviously he could not recover unless the proof sustained his total disability on that particular date. Both his claim before the Bureau and his claim before the court related to and were dependent upon his disability in 1919. That was the issue tried. In the present case he alleges that the insurance was maintained in force until August, 1920, and that by reason of that fact his claim that on that date and thereafter he became and was permanently and totally disabled presents an entirely separate and distinct cause of action from that asserted in his first suit. Incidentally,

it may be noticed that appellant claims that at the institution of his first suit he was not aware of the fact that his insurance had been continued in effect by the terms of the act until August, 1920. The case, therefore, is not one of withholding a part of his claim to enable him to institute a second suit. He attempted, though unsuccessfully, to amend his declaration in the former suit to include the claim now asserted here. The present suit, therefore, is not subject to the charge of having been split or urged piecemeal, and is not, therefore, within those cases which denounce litigation of that character. In these circumstances he ought not to be precluded from contesting, in a new action, a different claim, though arising out of the same transaction; for though the judgment rendered in the first suit is conclusive of all the facts properly pleaded by the plaintiff there, it is not conclusive of other and different facts upon a different cause of action. This is the rule pronounced by the Supreme Court. In Larsen v. Northland Transp. Co., 292 U. S. 20, page 25, 54 S. Ct. 584, 585, 78 L. Ed. 1096, it is said: "The established rule in this Court is that if in a second action between the same parties, a claim or demand different from the one sued upon in the prior action is presented, then the judgment in the former cause is an estoppel 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.'" Bates v. Bodie, 245 U. S. 520, 526, 38 S. Ct. 182, 62 L. Ed. 444, L. R. A. 1918C, 355; United States v. Moser, 266 U. S. 236, 241, 45 S. Ct. 66, 69 L. Ed. 262; United Shoe Mach. Corp. v. United States, 258 U. S. 451, 458, 42 S. Ct. 363, 66 L. Ed. 708. The rule accepted in all of these cases is founded on the opinion of Mr. Justice Field in Cromwell v. County of Sac, 94 U. S. 351, 356, 24 L. Ed. 195, where the question was considered at great length and the conclusion announced that "on principle a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action."

Appellant left the Army in 1919 and did not thereafter pay any further insurance premiums. Subsequently Congress made provision for a continuation of the insurance out of money due a discharged soldier on account of disability. That was this case. With knowledge of this fact ascertained at the time of the trial, appellant sought then to carry forward the default date of the policy from 1919 to 1920. The government opposed, and the court sustained the government's objection. It would be going very far, therefore, to say now that this different question which he seeks to litigate in this suit he cannot avail of by reason of the former judgment against him.

For the reasons stated, the judgment of the lower court must be reversed and the cause remanded, with instructions to sustain the demurrer to the plea, and with leave to appellant to amend his declaration, if he shall be able to, to show conformity with the terms of the statute as to limitations.

Reversed and remanded.