**LLOYD SABAUDO SOCIETA, ANONIMA PER AZIONI, v. ELTING, Collector of Customs.**

**No. 178.**

Circuit Court of Appeals, Second Circuit.

Jan. 6, 1936.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., and Richard Delafield, Sp. Asst. U. S. Atty., both of New York City, of counsel), for appellant.

Delbert M. Tibbetts, of New York City, for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The defendant, the Collector of the Port of New York, appeals from a judgment for $1000 entered against him in an action to recover a fine unlawfully collected by him, virtute officii. The plaintiff, a carrier, on January 18, 1925, brought to New York an Italian who was blind and did not have a quota immigration visa. This alien was therefore excludable under section 3 of the Immigration Act of 1917 (8 U.S.C.A. § 136), because he suffered from a physical defect which might affect his ability to earn a living and was therefore likely to become a public charge; and also under section 13 (a) (3) of the Quota Act of 1924 (8 U.S.C.A. § 213 (a) (3), because although he had a non-quota immigration visa under section 4 (e), 8 U.S.C.A. § 204 (e), giving him the status of a "non-quota immigrant," he failed to qualify in that class as a "bona fide student," properly accredited. The Secretary of Labor imposed two fines upon the carrier, one for $250 together with the return fare, under section 9 of the Act of 1917 as amended by section 26 of the Act of 1924 (8 U.S.C.A. § 145); another for $1000, under section 16 (a) (2) and (b) of the Act of 1924 (8 U.S.C.A. § 216 (a) (2), (b) for bringing in a quota immigrant with a non-quota visa. The plaintiff paid both fines to the collector, and now by action begun in 1928 seeks to recover the larger one, relying upon Cosulich Line v. Elting, 40 F.(2d) 220 (C.C.A.2), and Navigazione Generale Italiana v. Elting, 66 F.(2d) 537 (C.C.A.2), which held that two fines are not leviable for bringing in a single alien. It sued to recover the lesser fine in a later ac-

tion begun in 1929 and its complaint was dismissed on the merits; we affirmed the judgment, Lloyd Sabaudo Societá v. Elting, 55 F.(2d) 1048, and the Supreme Court affirmed us, Lloyd Sabaudo Societá v. Elting, 287 U.S. 329, 53 S.Ct. 167, 77 L.Ed. 341. The trial in the later action began in June, 1930, but was not concluded till July 18th; our decision in Cosulich Line · v. Elting, supra, 40 F.(2d) 220, was handed down on April 7, 1930, and our· order for mandate issued on the fourteenth. Thus the time within which to file a petition for certiorari under Jud. Code, § 145, section 350 of title 28, U.S. Code (28 U.S.C.A. § 350), had expired before the trial in the later action was concluded, for it is the "judgment or decree," not the mandate or process of this court, which counts. The judge thought the judgment in the later action res judicata and gave judgment against the defendant.

Although the judgment in the later action established the defendant's right to retain the smaller fine, it did not establish that for this reason he must abandon the larger. That point was not litigated, and the estoppel of a judgment extends only to matters in issue. Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195; City of Vicksburg v. Henson, 231 U.S. 259, 268, 269, 34 S.Ct. 95, 58 L.Ed. 209; State of Oklahoma v. Texas, 272 U.S. 21, 42, 43, 47 S.Ct. 9, 71 L.Ed. 145. While it was a good bar to any further action to recover the lesser fine, it did not make the defendant's surrender of that fine a condition upon retaining the larger fine; it decided nothing whatever about that. Thus the ground on which the judgment below rested will not support it. But there is another ground which will. The defendant before July 18, 1930, had let his time to appeal expire in Cosulich Line v. Elting, supra (C.C.A.) 40 F.(2d) 220, and knew that he could not retain two fines for bringing in the same alien unless in another litigation the Supreme Court might reverse our ruling. When with an enforced choice before him he continued to resist the later action, he declared his purpose to retain the smaller fine and in this he was successful. Had he declared his present purpose to return the smaller and keep the larger fine, the plaintiff would not have been put to the expense of prosecuting two appeals. It would be inequitable to allow him to change his position after so misleading the plaintiff, and an action for money had is throughout governed by equitable considerations.

Judgment affirmed.