## UNITED STATES v. TROLLINGER et al.
### No. 3950.

Circuit Court of Appeals, Fourth Circuit.
Jan. 6, 1936.

Armistead L. Boothe, Atty., Department of Justice, of Washington, D. C. (Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Sterling Hutcheson, U. S. Atty., and Russell T. Bradford, Asst. U. S. Atty., both of Norfolk, Va., on the brief), for the United States.

Warren E. Miller, of Washington, D. C. (Edwin J. Smith, of Norfolk, Va., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal by the government in a war risk insurance case in which there was a verdict and judgment for the amount of the policy. Premiums paid continued the insurance in force until March 2, 1919; and the contention of plaintiff is that at that time insured was totally and permanently disabled within the meaning of the policy and that he continued in this condition until his death, which occurred in the year 1927. A motion to direct a verdict for defendant on the ground that the evidence failed to establish the total and permanent disability alleged was denied. After verdict there were motions to set aside the verdict, to arrest the judgment and to dismiss the action, all on the ground that the suit was not instituted within the time limited by statute; and these were denied on the ground that failure to institute the action within such time was a matter which should have been pleaded before trial, and, not having been so pleaded, was waived.

■ In denying the motion to direct a verdict for the government on the ground of the insufficiency of the evidence to establish total and permanent disability, the action of the court below was correct. The evidence showed that the insured was gassed and shell-shocked, as well as wounded, in action, and that, from the time of his discharge from the army, his physical and mental condition was such that he was unable to carry on any sort of gainful occupation. While the evidence as to bronchitis and heart condition might not have been sufficient of itself to justify a verdict of total and permanent disability, the evidence as to the nervous and mental condition of insured, taken in connection with the other evidence, was sufficient, in view of the fact that the extent and nature of the disability resulting therefrom was clearly established by the testimony of physicians who treated the insured and that there was no work record in contradiction of their conclusions. See U. S. v. McRae (C.C.A.4th) 73 F.(2d) 383; Odom v. United States (C.C.A.4th) 70 F.(2d) 104; Garrison v. United States (C.C.A.4th) 62 F.(2d) 41.

■ We think, however, that the learned judge was in error in holding that the question as to whether suit had been instituted in time could not be considered on the motion to set aside the verdict, and that the point must be deemed to have been waived if not raised by the pleadings. In so holding, he pressed too far, we think, the rule of our decision in United States v. Ellison (C.C.A.4th) 74 F.(2d) 864, wherein we held that the point as to the suit not having been instituted in time could not be raised for the first time on appeal.

■■ The time limitation upon suit is incorporated in the statute giving the right to sue, and is a condition to the exercise of that right. The pertinent portion of the statute giving the right to sue and prescribing the time limit is as follows (38 U.S.C.A. § 445): "In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * * No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act [July 3, 1930], whichever is the later date. * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs."

It is well settled that such a statute of limitations operates as a condition upon the right given to sue the government, which may not be waived by the officers of the government either expressly or by failing to plead the statute. Finn v. United States, 123 U.S. 227, 233, 8 S.Ct. 82, 31 L.Ed. 128; Tucker v. Alexander, 275 U.S. 228, 232, 48 S.Ct. 45, 72 L.Ed. 253; United States v. Ellison, supra (C.C.A.4th) 74 F.(2d) 864, 869; Vincent v. United States, 64 App.D.C. 178, 76 F.(2d) 428, 429. And it need not be pleaded for the courts to give effect to its provisions. Finn v. United States, supra; Miller v. United States (D.C.) 57 F.(2d) 889. The limitation upon the right of recovery that suit be instituted within the

time limited is not unlike that contained in the Federal Employers' Liability Act (45 U.S.C.A. § 56), as to which it is held that the statute of limitations need not be pleaded, and that action thereunder will be dismissed where it appears from the record that suit was not instituted within the time allowed. Atlantic C. L. R. Co. v. Burnette, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226.

Good pleading requires that the plaintiff allege in his petition facts showing that suit was instituted within the time allowed by the statute; but failure to make such allegation may not be availed of to arrest proceedings in an appellate court where the point is raised for the first time in that court. Vincent v. United States, supra. Nor may such defect in the pleadings be relied on in support of a motion to arrest the judgment, made in the trial court, where it appears, as here, that, upon inquiry from the judge counsel for plaintiff stated that there was no question as to the suit having been instituted in time and counsel for the government permitted this statement to go unchallenged; for such statement of counsel made at the bar of the court amounts to an informal amendment of the pleadings, or at least justifies the court in ordering them amended where the facts so warrant. We do not think, however, that the government was precluded from raising the point that suit was not instituted in time, by reason of the fact that counsel sat silent in the face of inquiry by the judge and affirmative statement on the part of opposing counsel. If it was subsequently discovered that suit had not been instituted within the time allowed, it was proper to raise the point on motion to set aside the verdict and grant a new trial; and the court had full power to consider it in connection with that motion. It is true that the granting of a new trial is ordinarily a matter resting in the sound discretion of the trial judge; but here the motion for new trial was denied, not as a matter of discretion, but on the ground that as a matter of law the government had waived the point upon which it was asked by not pleading the statute. Had the learned judge felt at liberty to exercise his discretion, he doubtless would have set aside the verdict upon the facts shown by the government and granted a new trial, unless other facts appeared showing that action had been instituted in time.

For the reasons stated, the judgment appealed from will be reversed, and the case will be remanded to the court below for further proceedings not inconsistent herewith.

Reversed.