### GUETTEL et al. v. UNITED STATES.
### No. 8499.

District Court, W. D. Missouri, W. D. Nov. 25, 1936.

M. L. Friedman, of Kansas City, Mo., for plaintiffs.

Maurice M. Milligan, U. S. Atty., and Thomas A. Costolow and Otto Schmid, Asst. U. S. Attys., all of Kansas City, Mo., for the United States.

OTIS, District Judge.

In its chief essentials the case is this, one Henry A. Guettel died testate. The federal estate tax demanded was paid. In the calculation of the tax, the value of three parcels of Missouri real estate was included. There were also included the proceeds of certain insurance policies. Plaintiffs brought suit in the court of claims to recover from the defendant an alleged excess payment. The particular claim was that the proceeds of the insurance policies should not have been included in the calculation of the value of the estate. That case went to judgment May 6, 1929. No claim was asserted in that case based on the inclusion of the value of Missouri real estate.

Crooks v. Harrelson, 282 U.S. 55, 51 S. Ct. 49, 75 L.Ed. 156, was decided by the Supreme Court November 24, 1930. Plaintiffs discovered, from the opinion of the court in that case, that the value of the Missouri real estate erroneously was included in calculating the value of the Guettel estate for the purpose of assessing the estate tax. They sue now therefore to recover so much of the tax as resulted from the wrongful inclusion. The defendant contends that the matter is res adjudicata, that plaintiffs should have presented the whole of their claims for refund in the case submitted to and decided by the court of claims.

1. It seems to us that the defense of res adjudicata cannot be circumvented. We are concerned with one tax on one thing. If the tax demanded was excessive, the plaintiffs (assuming compliance with conditions precedent) are entitled to sue for the refund of so much of the whole as was illegally exacted. But their cause of action is single (although conceivably made up of several items) and cannot be split.

The Supreme Court did not change the law by its decision of Crooks v. Harrelson. The law as then declared was the law when the tax was paid and when the suit in the court of claims was filed. The plaintiffs knew the law (it is conclusively presumed that they knew it). Knowing the law, they chose not to assert as an element of their claim, that the estate was excessively taxed, a contention based on the wrongful inclusion of the real estate. The judgment of the court of claims adjudged the contentions they did make and those they might have made in support of their cause of action. Northern Pacific R. Co. v. Slaght, 205 U.S. 122, 27 S.Ct. 442, 51 L.Ed. 738. We may illustrate thus: A personal property tax of $100 is collected from A. He was assessed on ten chariots. He claims he was overtaxed by the amount of $90, that he owned only one chariot. He has one cause of action, not nine, although there may be nine subdivisions in the one wrong perpetrated against him.

The earnestness with which learned counsel for plaintiffs assert there is no res adjudicata here leads us carefully to examine the cases they cite.

Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195, is cited. All that was ruled in that case was that a judgment that A was not entitled to recover on one bond, adjudged invalid except as to an innocent purchaser and as to which he was unable to prove he was an innocent purchaser, could not preclude him from recovering on another, although of the same series, as to which he proved he was an innocent purchaser. Those claims were separate. They were different claims, thus were claims to different things. The claim here is to one thing, namely, the unlawfully demanded excess over the true tax.

Cambridge Loan & Building Co. v. United States (Ct.Cl.) 57 F.(2d) 936, is cited. But that case (in the court of claims) also had to do with two entirely distinct claims (not, as here, with two parts of one claim), one, a claim for an excess of income and profits tax for five years, which had been paid and the claim denied, the other a claim for penalties assessed, never paid, abated, but the amount of which was withheld out of other moneys belonging to claimant (that is, out of excess paid as income tax for the five-year period). These were wholly distinct claims, the second of which was not even in existence when suit was instituted on the first.

Vincent v. United States, 64 App.D.C. 178, 76 F.(2d) 428, is cited. It was a case in which the plaintiff sought to recover

from the defendant on a contract of war risk insurance contending that the contract was in force in August, 1920, that it insured him against becoming totally and permanently disabled not later than that date, and that on that date he was totally and permanently disabled. In an earlier proceeding (tried after August, 1920) he had sued to recover on the same contract contending, in that suit, that he had become totally and permanently disabled on April 5, 1919. At the trial of the first proceeding he asked but was denied the privilege of amending so as to ask recovery from August, 1920. The judgment in proceeding No. 1 was held not res adjudicata as to the issues presented in proceeding No. 2. The reason assigned by the Court of Appeals for that conclusion was that the second proceeding involved an entirely distinct cause of action. Whether it was a distinct cause of action conceivably is debateable, but if it was then, of course, the judgment was not res adjudicata. The result, moreover, certainly was equitably justified by the action of the court in denying in the first proceeding the plaintiff's attempt to then assert his second cause of action. That he could have asserted it in the first proceeding scarcely can be urged against its assertion in the second proceeding when in fact he was denied the privilege of asserting it in the first proceeding.

Lloyd, etc., Societa v. Elting (C.C.A.) 80 F.(2d) 869, is cited. The case was this: The plaintiff, a transportation company, had brought an alien to the United States under such circumstances as to violate two statutes. For each violation it paid a fine, assessed by the Secretary of Labor, one of $250 and one of $1,000. It sued to recover both. Judgment went against it as to the $250 fine. It was the law that although the fines were for violations of different statutes only one could be recovered on account of the bringing in of one alien. The Court of Appeals ruled that the judgment in the suit to recover the $250 fine did not adjudicate the issues in the entirely distinct cause of action to recover the $1,000 fine. Here again the causes of action are distinct.

Such are the cases cited. They present no principle which any one will question. Their inapplicability here proceeds from the fact that what we have here is one amount collected as a tax, one excess above what was rightfully collected, and one

cause of action to recover that excess. The one excess, it well may be, is an excess on several grounds, one of which plaintiffs neglected to assert in the case which has been adjudicated, but it is still one excess, a suit to recover which is one cause of action. A judgment as to that cause of action is a judgment as to the whole of it.

2. The findings of fact and conclusions of law requested by counsel for defendant in a document filed contemporaneously with this opinion are adopted by the court as the court's findings of fact and conclusions of law. To each of the conclusions of law plaintiffs are allowed an exception.

Plaintiffs' requested conclusions of law (see document filed contemporaneously with this opinion) are denied. As to the denial of each request, an exception is allowed to plaintiffs.