## PIPPIN v. UNITED STATES.
### No. 88999.

District Court of the United States for the District of Columbia.

Jan. 15, 1940.

Warren E. Miller, of Washington, D. C., for plaintiff.

David A. Pine, U. S. Atty., of Washington, D. C., for defendant.

Allen Crenshaw and J. B. Costello, both of Washington, D. C., for the Department of Justice.

LETTS, Associate Justice.

The declaration, filed May 27, 1937, is in four counts. Each of said counts alleges, in substance, that there was uncollected compensation due plaintiff under a rating of the Veterans Bureau sufficient under the provisions of Section 408 of the War Risk Insurance Act, as added by Act Aug. 9, 1921, § 27, 42 Stat. 156, as amended by Act March 4, 1923, § 7, 42 Stat. 1525, and Section 305 of the World War Veterans' Act, 1924, 38 U.S.C.A. § 516, to keep his insurance in force from May 1, 1918, when it would otherwise have lapsed, until the date alleged in said count for his having become permanently and totally disabled. The date of the occurrence of the permanent and total disability of the insured is stated in the first count as January 1, 1921; in the second count, as September 30, 1923; in the third count, as February 24, 1926, and in the fourth count as May 1, 1924.

Defendant's answer after denying, as to each count, that the plaintiff became permanently and totally disabled on the date alleged, and that his insurance was in force on said date, concludes: "And for further answer to the first, second, third and fourth counts of the plaintiff's complaint, the defendant says that the causes of action alleged in the four counts of plaintiff's complaint are res judicata, in that Beulah M. Pippin, guardian of Robert W. Pippin, sued the United States in the District Court of the United States for the Eastern District of Tennessee under this same $10,000 war risk insurance contract, in which permanent and total disability was alleged from April 5, 1918. This suit was commenced on April 25, 1931, and resulted in a judgment in favor of the defendant on August 9, 1932, which judgment was affirmed by the Circuit Court of Appeals for the Sixth Circuit on November 12, 1935, 109 F.2d 960, at which time the same causes of action now urged, in this suit were finally judicially determined."

On August 21, 1939, a stipulation of counsel was filed, which sets forth the facts upon which the question of res judicata is to be determined. According to the stipulation the suit brought in the United States Court in Tennessee in 1931 by Beulah M.

Pippin, then guardian of the insured, "was tried before said court * * * upon the single question as to whether or not the insured became and was permanently and totally disabled on and before May 1, 1918," when his insurance was in force through the payment of premiums; while each count of the present suit is based upon the occurrence of his permanent and total disability at a later date, to which his insurance was continued in force under the provisions of Section 408 of the War Risk Insurance Act or Section 305 of the World War Veterans' Act, 1924.

It further appears that plaintiff's suit in Tennessee was predicated upon a denial by the Veterans Bureau of two claims filed by him in May, 1929, in each of which insurance benefits were claimed from April 5, 1918, on the ground that he was permanently and totally disabled on or since said date; while the present suit is based upon a claim for insurance benefits, dated February 26, 1936, in which it was alleged that the insured had become permanently and totally disabled "from and after September 30, 1923, when his insurance was in full force and effect by operation of law." The words "by operation of law" in said claim evidently referred to the statutory provisions for the revival of lapsed insurance.

It has been held that a denial by the Bureau of a claim that the insured was permanently and totally disabled from and after a certain date to which his insurance had been kept in force by the payment of premium constituted a disagreement as to the further claim—added in said cases by amendment to the declaration—that the insured became so disabled at a later date prior to such denial to which his insurance had been continued in force by facts as to uncollected compensation bringing it within Section 305. United States v. Alberty, 10 Cir., 63 F.2d 965; United States v. De-Armond, 8 Cir., 48 F.2d 465. It has also been held that such an amendment does not constitute a new cause of action and therefore is not subject to a plea of limitations.

I have no doubt this plaintiff could have brought a second suit alleging a date subsequent to the Tennessee trial as the time when permanent and total disability occurred as indicated in Vincent v. United States, 64 App.D.C. 178, 76 F.2d 428, if such date be within the disagreement and at a time when the insurance contract was in force; but the rule must be otherwise where, as here, the second suit alleged that permanent and total disability occurred at times which antedated the time of trial. Unless special circumstances are present the general rule must apply which required plaintiff in his Tennessee suit to bring forward his whole case and he should not be permitted to open the same subject of litigation in respect of a matter which might have been brought forward as a part of the subject in contest in the Tennessee suit. It is obvious that the facts here alleged and relied upon were known to plaintiff at the time of the trial in Tennessee: with respect to matters of which plaintiff was then aware he may not present them by piecemeal in successive suits growing out of the same subject matter. Beloit v. Morgan, 7 Wall. 619, 19 L.Ed. 205. The rule is well stated in the cited case. The reason of the rule is analyzed and exceptions thereto are recognized where special circumstances are present; and yet it is clear that exception to the rule will not arise from negligence or inadvertence; therein the Court said the plea of res judicata applies to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence might have brought forward. In United States v. California & Oregon Land Co., 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476, it is said that a plaintiff may not split up his claim; that the whole tendency of our decisions is to require him to try his whole case at one time; he cannot divide the grounds of recovery. Plaintiff takes his stand upon the decision in Vincent v. United States, 64 App.D.C. 178, 76 F.2d 428. In resting his cause on the opinion in that case the plaintiff loses sight of the fact that the court in that case recognized the rule that a plaintiff may not split his demand but must bring forward his whole case. There were present in the Vincent case special circumstances which rendered the general rule inapplicable and created an exception thereto; Vincent had sought to amend his declaration in an effort to bring his whole case before the court, but the trial court erroneously refused his request so to do. The issues presented by his proposed amendment were never heard and it would have been a manifest denial of justice to hold that he was barred from thereafter pressing them because of a determination of narrower issues, which did not include them. I am of opinion the reasoning of the Vincent decision requires that the general rule be applied to the facts

as alleged in the suit at bar; here no special circumstances are found to carry the case beyond the reason of the general rule and to require in the name of justice any exception thereto.

The plea of res judicata is sustained as to each count of plaintiff's declaration.