## BIJUR v. KENNINGTON.

(Court of Appeals of District of Columbia. Submitted November 22, 1921. Decided January 3, 1922.)

No. 1452.

**1. Patents ⬅113(7)—Concurrent decisions of Patent Office tribunals not disturbed, unless clearly wrong.**

Where the three tribunals of the Patent Office concurred in awarding priority to one party to an interference proceeding, the decision must be affirmed, if not clearly wrong.

**2. Patents ⬅109—Joint application held reduction to practice by sole inventor.**

Where a joint application was filed for a patent, on which it was decided that one of the applicants was the sole inventor, and he thereupon filed a separate application, he was entitled to the date of the joint application for reduction to practice, as the application of the sole inventor was an amendment of the joint application, and related back to the time of the filing of the original application.

**3. Patents ⬅113(1)—Decision of Court of Appeals in another case adhered to, when facts the same.**

Where the holding of the Court of Appeals in another case that an applicant for a patent did not reduce his invention to practice by reason of a certain test was not based on the testimony of the witnesses, but on his own conduct after the test in abandoning the experiment, and, though the testimony in a subsequent proceeding is somewhat stronger, it does not lessen the probative force of his conduct, the former conclusion will be adhered to.

**4. Patents ⬅112(4)—Decision in another case held not res judicata, when matter not involved.**

The decision of the Examiner of Interferences in a prior interference that a party reduced his invention to practice in April or May, 1912, is not res judicata, where in that proceeding such party had a constructive reduction to practice as of March 13, 1912, and it was therefore entirely unnecessary for the Examiner to decide that he had actually reduced it to practice at a later date; the holding being merely obiter.

**5. Judgment ⬅735—Conclusive in action on different claim only as to matters on which decision rendered.**

Where a second action between the same parties is on a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, on the determination of which the finding or verdict was rendered.

Appeal from Decision of the First Assistant Commissioner of Patents.

Interference proceeding between Joseph Bijur and William O. Kennington. From a decision awarding priority to Kennington, Bijur appeals. Affirmed.

A. G. Davis, of Schenectady, N. Y., and J. Edgar Bull, of New York City, for appellant.

S. E. Hibben, of Chicago, Ill., and J. A. Watson, of Washington, D. C., for appellee.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SMYTH, Chief Justice. From a decision of the First Assistant Commissioner of Patents, awarding priority to Kennington with respect to the invention of the issue, Bijur appeals.

The structure involved is described in four counts, illustrated sufficiently by count 1, which reads:

A starter for gas engines and the like, comprising in combination with a member operatively connected with the engine, a motor, a shaft driven thereby, a driving member adapted to engage and drive the engine member but normally out of engagement therewith, said driving member being mounted on the shaft and having screw-threaded engagement therewith whereby rotation of the shaft advances such driving member into engagement with the engine member, and means for yieldingly stopping said driving member and thus permitting it to yield and cushion the shock of starting the engine member.

[1, 2] The three tribunals of the Patent Office concurred in favor of Kennington. Were they clearly wrong? If not, we must affirm the commissioner's decision. Ruth v. Groch, —— App. D. C. ——, 277 Fed. 861, and cases cited therein. Bijur does not deny that Kennington conceived in January, 1912, but insists he did not actually reduce to practice until October, 1913. Kennington urges that he is entitled to May 24, 1912, for reduction to practice, because he and one McDermott filed a joint application on that date for the invention of the issue. Later it was decided that this application was not allowable, for the reason that Kennington was the sole inventor of the subject-matter disclosed. Kennington then filed the present application. Bijur says that he is not entitled to the filing date of the joint application, but must be confined to that of the present one, March 13, 1915.

We held in Re Roberts, 49 App. D. C. 250, 263 Fed. 646, that the sole inventor was entitled to the benefit of the date of the joint application, on the theory that his application was an amendment of the joint one. It is a rule that "an amendment relates back to the time of the filing of the original petition." Union Pacific R. Co. v. Wyler, 158 U. S. 285, 296, 15 Sup. Ct. 877, 882 (39 L. Ed. 983). From this it follows that Kennington is entitled to May 24, 1912, for constructive reduction to practice.

[3] The present application of Bijur was involved in Halbleib v. Bendix, 50 App. D. C. 247, 270 Fed. 683. He there relied on a device described as Exhibit 2 for reduction to practice, which he said took place in the early part of 1912. He stands on the same exhibit here and the same reduction to practice. In that case he contended that the device was tested on a Packard car, which had been furnished for that purpose by the Packard Company, and he presented the testimony of a number of witnesses to support his position. We held that, if his conduct after that test was such as to corroborate his proof concerning it, "reduction to practice could be readily inferred; but it was not." His conduct, we said, forced the conclusion that what he had done on the car in 1912 was an "abandoned experiment." We further said that he made no attempt after that to do anything with the device until January or February, 1914. The testimony which Bijur presents in this case somewhat strengthens the testimony in the former one, but that avails him nothing, because, as we have just said, the decision there rested, not upon the testimony of his witnesses, but

upon his own conduct after the test, which we held clearly established that he did not regard the "test as a success." Nothing that he has produced in this case lessens the probative force of his conduct, and therefore we must adhere to our former conclusion, namely, that he had not proven a satisfactory reduction to practice in 1912.

[4] Bijur, however, urges that the main question in this case is one of res judicata. He insists that in a prior interference, No. 38,013, between him and Kennington, the examiner of interferences held that Exhibit 2, which he claims embodies the invention of the present issue, was actually reduced to practice in April or May, 1912, and that this decision is final, because an appeal taken from it was subsequently denied. The Examiner's decision was offered in evidence by Bijur, but the record before us does not contain it. Without it we cannot decide that the question now presented for adjudication was disposed of by it, unless we unite the extracts which purport to have been taken from it as they appear in the opinion of the Patent Office tribunals and the briefs of the parties, and treat the result as a true copy. We have done so, and we proceed on the assumption that the copy is correct.

[5] Bijur had a constructive reduction to practice of the invention involved in that interference as of March 13, 1912. This was not denied. It was therefore entirely unnecessary for the Examiner of Interferences to decide that Bijur had actually reduced to practice at a later date. The question was not before him, and his holding was merely obiter. It is well settled that, "where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." Cromwell v. County of Sac, 94 U. S. 351, 353 (24 L. Ed. 195); Radford v. Myers, 231 U. S. 725, 730, 34 Sup. Ct. 249, 58 L. Ed. 454. The matter presented for decision in the prior interference was as to whether Kennington's reduction to practice preceded or followed Bijur's date, March 13, 1912. Whether or not Bijur had a later date was a question not in issue, and the Examiner of Interferences had no power to decide it in that proceeding.

Bijur has not established that the decision of the Commissioner of Patents is wrong, and it is therefore affirmed.

Affirmed.