98

## PIPPIN v. UNITED STATES.
### No. 7691.

United States Court of Appeals for the District of Columbia.

Argued April 10, 1941.

Decided May 19, 1941.

Warren E. Miller, of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., and Wilbur C. Pickett and Keith L. Seegmiller, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

GRONER, C. J.

This is a suit brought by the guardian of an insane veteran to recover total permanent disability benefits under a contract of yearly renewable term insurance issued to the veteran during his military service in the World War. The complaint alleges that the insured became permanently and totally disabled from and after (1) January 1, 1921, or (2) September 30, 1923, or (3) May 1, 1924, or (4) February 24, 1926, when his insurance was in full force and effect by operation of law, the words "by operation of law" referring to the statutory provisions for the revival of lapsed insurance. [1]

The United States answered, denying all material allegations of the complaint, and further answered that the causes of action alleged were res judicata, "in that Beulah M. Pippin, guardian of Robert W. Pippin, sued the United States in the District Court of the United States for the Eastern District of Tennessee under this same $10,000 war risk insurance contract in which permanent and total disability was alleged

[1] Sec. 305, World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 516, which provides that where an insured has permitted a policy lapse while suffering from a compensable disability for which he has not received compensation, then the amount due shall be applied to maintain the policy in force in whole or in part dependent on the amount unpaid. The complaint in this case alleges that there was uncollected compensation due insured under a rating of the Veterans' Bureau sufficient to keep the insurance in effect.

from April 5, 1918. This suit was commenced on April 25, 1931, and resulted in a judgment in favor of the defendant on August 9, 1932, which judgment was affirmed by the Circuit Court of Appeals for the Sixth Circuit on November 12, 1935 [109 F.2d 960], at which time the same causes of action now urged in this suit were finally judicially determined". The case was tried below on the single issue whether the judgment in the former case was res judicata the matters pleaded in the present case, and that question was submitted on stipulation that the Tennessee suit was tried upon the single question whether the insured became and was permanently and totally disabled on or before May 1, 1918. On that basis, it was claimed that the insurance had been duly procured and continued in effect through the payment of premiums to the United States. The present suit is based upon the continuation in force of the insurance to subsequent dates of total disability under the provisions of the World War Veterans' Act of 1924, supra.[1] The trial court held that under the applicable rule the insured was required in the Tennessee suit to bring forward his whole case and that he could not without violating the rule present his causes of action by piecemeal in successive suits growing out of the same subject matter, as the court thought was the case. D.C., 31 F.Supp. 746.

■ In support of this conclusion, the court relied on Beloit v. Morgan, 7 Wall. 619, 19 L.Ed. 205, and United States v. California & Oregon Land Co., 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476.[2] In both cases the Supreme Court said where the parties, the subject matter, and the relief sought are the same, the rule is to require a plaintiff to try his whole cause of action and his whole case at one time and hence to deny him the right to split up his claim. But we think the rule inapplicable in the facts stipulated here. The former suit was confined to the single issue whether insured had

paid in his own money the agreed premiums on his insurance up to May 1, 1918, and was at that time permanently and totally disabled. In the present suit, insured claims total disability as of a much later date and the continuance of the policy in effect by virtue of Acts of Congress designed to accomplish that result. Obviously, these separate causes of action were not the same, though they arose out of the same insurance policy in a controversy between the same parties. The necessary proof in the two cases must have been wholly different, and the effect of the judgment in the first case in no circumstances would have been an adjudication of some matter essential to the maintenance of the second.

■ We are, therefore, of opinion that the case comes under the rule announced by us in Vincent v. United States, 64 App.D.C. 178, 76 F.2d 428, in which we followed the decision of the Supreme Court in Larsen v. Northland Transp. Co., 292 U.S. 20, 25, 54 S.Ct. 584, 585, 78 L.Ed. 1096, where it is said: "The established rule in this Court is that if in a second action between the same parties, a claim or demand different from the one sued upon in the prior action is presented, then the judgment in the former cause is an estoppel 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' "

This rule, which has been applied time and again by the Supreme Court,[3] is founded on the statement of Mr. Justice Field in Cromwell v. County of Sac, 94 U.S. 351, 356, 24 L.Ed. 195, where the question was considered at great length and the conclusion announced that: "On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action."

■ We can think of no rule of law

---

[1] Sec. 305, World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 516, which provides that where an insured has permitted a policy lapse while suffering from a compensable disability for which he has not received compensation, then the amount due shall be applied to maintain the policy in force in whole or in part dependent on the amount unpaid. The complaint in this case alleges that there was uncollected compensation due insured under a rating of the Veterans'

Bureau sufficient to keep the insurance in effect.

[2] Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378, 60 S. Ct. 317, 84 L.Ed. 329, is to the same effect.

[3] Bates v. Bodie, 245 U.S. 520, 526, 38 S.Ct. 182, 62 L.Ed. 444, L.R.A.1918C, 355; United States v. Moser, 266 U.S. 236, 241, 45 S.Ct. 66, 69 L.Ed. 262; United Shoe Mach Corp. v. United States, 258 U.S. 451, 458, 42 S.Ct. 363, 66 L.Ed. 708.

which made it absolutely obligatory upon the guardian of insured in her first suit to include matters on which the present suit is founded. She had made claim based on total disability in 1918, and disagreement on that claim opened the way to the suit. To have included the several present claims would have involved the necessity of further disagreements as to all of them. In addition to this, insured's trustee had a right, we think, to rely upon her ability to prove that her insane ward was totally and permanently disabled at the time of his discharge from the army, and it was in his interest that the time of maturing the policy should be established as of the earlier date. There is nothing in the record to suggest bad faith or an effort to split up the claim, and the mere fact that both the first and the second suits are brought on the same policy is not of itself enough to support such a conclusion. But in any case we think to proceed as she did, or as she might have done, was optional. For it is as apparent as anything can be that the trial of the present suit is on a different cause of action and involves no inquiry into the merits of the former judgment, and therefore it is sustainable on grounds entirely independent of such judgment, and that is the test. In such circumstances, the rule inhibiting relitigation of decided issues is in no danger of violation. Freeman on Judgments (5th Ed.), Vol. 2, § 785, et seq.

Reversed.

EDGERTON, Associate Justice, is of the opinion that the question in this case is foreclosed by the terms of the rule announced by the Supreme Court in Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, at page 378, 60 S.Ct. 317, 84 L.Ed. 329, and is therefore of opinion that the judgment below should be affirmed.