W. E. HEDGER TRANSP. CORP. v. IRA S. BUSHEY & SONS, Inc.

No. 102, Docket 21794.

United States Court of Appeals Second Circuit.

Argued Dec. 8, 1950.

Decided Jan. 15, 1951.

Horace M. Gray, New York City, Horace M. Gray, Edward R. Phillips, New York City, of counsel, for plaintiff-appellant.

Foley & Martin, New York City, Christopher E. Heckman, New York City, of counsel, for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appeal is from an order dismissing the complaint before answer in a suit in equity to set aside a decree foreclosing a preferred ship mortgage. The district court had jurisdiction of the foreclosure action by virtue of The Ship Mortgage Act of 1920, 46 U.S.C.A. § 951, and its decree has been the subject of attack by the appellant since shortly after its entry. This struggle for relief from the effect of that decree has resulted in two former appeals to this court in which opinions have been written that set forth the facts in such detail that no need exists for re-stating them. We will now refer to W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, Inc., 2 Cir., 155 F.2d 321, and Ira S. Bushey & Sons, Inc. v. W. E. Hedger Transp. Corp., 2 Cir., 167 F.2d 9, and assume familiarity with the facts there stated. In the first mentioned appeal the complaint, with certain non-federal claims deleted, was held the equivalent of a petition to set aside the foreclosure decree and as such within the admiralty jurisdiction of the district court, but the sufficiency of the allegations was left undecided. In the second appeal, the allegations were held insufficient and the dismissal of the complaint was affirmed. The present complaint is but a repetition of the former, the only perceptible difference being some slight verbal changes which might be considered as characterizing the alleged motives of the mortgagor in its conduct of the foreclosure action as more reprehensible, in an effort to enhance the alleged duress which coerced the complainant's consent to the foreclosure decree. Recognizing the identity of issues and parties, the district judge dismissed the complaint on the ground that the previous judgment of dismissal was *res judicata*. We agree.

We are not here faced with an instance where the prior judgment turned upon a defect of facts pleaded which has been remedied in the second pleading. West v. American Tel. & Tel. Co., 6 Cir., 121 F.2d 142. Cf. Pippin v. United States, 74 App.D.C. 131, 121 F.2d 98. In the former decision in this cause the same facts this appellant has now pleaded were treated as established. That being so, the prior decision is *res judicata* even though in form it was but the sustaining of a demurrer. Sacks v. Stecker, 2 Cir., 62 F.2d 65. Restatement of Judgments § 50.

This defense should usually be pleaded. Rule 8(c), Fed.Rules Civ.Proc., 28 U.S.C.A. But where all the relevant facts are, as here, shown by the court's own records, of which it takes notice, there appears no good reason why an answer should be first required. At any rate, any irregularity on that score has been expressly waived by the appellant.

Affirmed.