### MOUNTJOY v. TWENTIETH CENTURY– FOX FILM CORP. et al.

### No. 7585.

United States District Court
W. D. Missouri, W. D.
Sept. 23, 1952.

Philip L. Levi, Solbert M. Wasserstrom, Kansas City, Mo., for plaintiff.

Joseph J. Kelly, Jr., and Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendants.

REEVES, Chief Judge.

These motions have been examined together with the facts as they may be gleaned from the complaint and from the affidavit submitted. Both parties have submitted voluminous briefs in support of their respective contentions. All of them involve facts which make it difficult, if not impossible, to reach a proper conclusion upon motions to dismiss.

It is specifically provided by rule 8(c), Federal Rules of Civil Procedure, 28 U.S. C.A., that: "In pleading to a preceding pleading, a party shall set forth affirmatively * * * estoppel * * * res judicata * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense."

It is not contemplated by the rule that such pleas shall be heard on motions to dismiss. However, the Court of Appeals for the Third Circuit in Hartmann v. Time, Inc., 166 F.2d 127, loc. cit. 138, 1 A.L.R.2d 370, ruled as follows:

"Of course the defense of res judicata, ordinarily is pleaded as an affirmative defense under Rule 8(c) of

the Federal Rules of Civil Procedure but this is a mere matter of form."

The court reversed the ruling of the trial court for reasons which apparently would not have existed if the issues had been raised as required by the rule and the facts established by proof at a trial of that issue.

In a more recent case, W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, Inc., 186 F.2d 236, loc. cit. 237, the Second Circuit Court of Appeals ruled as follows in reference to the plea of res judicata:

"This defense should usually be pleaded. Rule 8(c), Fed.Rules Civ. Proc., 28 U.S.C.A. But where all the relevant facts are, as here, shown by the court's own records, of which it takes notice, there appears no good reason why an answer should be first required. At any rate, any irregularity on that score has been expressly waived by the appellant."

The importance of the case at bar and the clear provision of the rules makes it incumbent upon the defendants to raise these defenses by affirmative allegations and when that is done, then the issue of limitation, res judicata, or estoppel can the more intelligently be determined when the facts on that issue have been presented.

An examination of the pleadings convinces, however, that upon the pleadings submitted, the court's ruling should be adverse to said motions.