### FOUTS
#### v.
### FAWCETT PUBLICATIONS, Inc.
#### Civ. A. No. 4042.

United States District Court
D. Connecticut.
Nov. 4, 1953.

David R. Lessler, Bridgeport, Conn., for plaintiff.

Cummings & Lockwood, by Raymond E. Hackett, William H. Timbers, Morgan P. Ames, Edward F. Snyder, Stamford, Conn., William R. Lonergan, New York City, of counsel, for defendant.

HINCKS, Chief Judge.

Defendant has moved to dismiss the complaint on the ground that each claim is barred by the statute of limitation. Plaintiff's action is based upon a story printed in the November 1949 issue of "Startling Detective", and a similar story printed in the November 1949 issue of "True Police Cases". Both publications are magazines published by the defendant. The first and second counts allege that the stories in "Startling Detective" and "True Police Cases" are libelous: the third count alleges that the "Startling Detective" story constituted a wrongful invasion of the plaintiff's right of privacy. The facts alleged are, briefly, that both stories, which also contained pictures of plaintiff, gave lurid and fictionalized accounts of a murder which plaintiff was alleged to have committed; and that although at the time of the publications plaintiff had been convicted of the murder, the conviction was subsequently reversed and on retrial plaintiff acquitted.

The complaint was filed and served on October 6, 1952. It is defendant's position that plaintiff's claims all accrued on or before September 29, 1949 and are therefore barred by the three year tort limitation of Section 8316. Conn. General Statutes 1949. If defendant is correct in this, it will not be necessary to consider the effect of Section 1394b of the 1951 Supplement to the Connecticut General Statutes, which reduced the period of limitation in libel actions to two years.

Defendant has submitted four affidavits from which the following facts appear. These facts are uncontroverted and decisive. The November 1949 issues of "Startling Detective" and "True Police Cases" each had one and only one printing, which was completed on or before August 30, 1949. Shipments to wholesalers of both issues were completed on September 16, 1949, and in both cases subscribers' copies were mailed on September 28 and 29, as was attested by receipts signed by the postmaster involved. The official "on-sale" or scheduled release date for the November, 1949 issue of "True Police Cases" was September 23, 1949; for "Startling Detective" it was September 28, 1949; on these dates the issues actually were placed on the news stands throughout the nation for sale to the consumer. Any issues which remained on sale after October 6, 1949 were all part of the original number sold and shipped to wholesalers who, in turn, delivered them to retailers.

An initial question is whether the defense of the statute of limitations may be raised on a motion to dismiss. It is not specifically enumerated in Federal Rule 12(c), 28 U.S.C.A., but there is little doubt but that under the Rules a situation may be disclosed which permits the defense to be raised by motion. If affidavits are necessary and are filed, the motion may be treated as one for summary judgment. 2 Moore Secs. 12.-09, 12.10; Dincher v. Marlin Firearms Co., 2 Cir., 1952, 198 F.2d 821; Latta v. Western Inv. Co., 9 Cir., 1949, 173 F.2d 99; Suckow Borax Mines Consolidated, Inc. v. Borax Consolidated, 9 Cir., 1950, 185 F.2d 196. See also Hedger Transp. Corp. v. Ira S. Bushey & Sons, 2 Cir., 1951, 186 F.2d 236. In a clear case in which the defense of the statute involves no genuine issue of fact, it would be an unnecessary formality to call for an answer and to go to trial when the result is already foreclosed. I hold the question to be now properly raised.

In Dale System, Inc., v. Time, Inc., D.C.Conn., 116 F.Supp. 527, I held that if confronted with a multi-state libel the Connecticut courts would adopt the single publication rule and with it a conflict of laws rule whereby the court, for the determination of questions as to the plaintiff's substantive rights, would look to the law of the state of plaintiff's domicile. These holdings I now reaffirm.

In the present case the plaintiff's domicile is Kansas and it thus becomes necessary to determine whether the single publication rule is recognized by the law of that State and, if so, the applicable conflict of laws rule which Kansas would apply to cases of multi-state publications under the single-publication rule. No Kansas case has been cited on these points and I have found none. I therefore apply my reasoning as set forth in Dale System, Inc., v. Time, Inc., supra, and hold that if confronted with these questions, a Kansas court, like a Connecticut court so confronted, would adopt the modern single publication rule, and with it a conflict of laws rule which recognized as controlling the law of the State of plaintiff's domicile. There is thus no occasion to solve the conflict of laws problems which would be presented (1) if Connecticut, the forum State, had adopted the single publication rule and Kansas, the State of plaintiff's domicile, adhered to the multiple publication rule, or (2) if both States, though in accord in recognizing the single publication rule, were at odds over the applicable conflict of laws rule.

Similarly, there is no conflict of laws problem here involved in determining when the claimed rights of action accrued. For I hold that both Connecticut and Kansas would follow the leading case of Gregoire v. G. P. Putnam's Sons, 298 N.Y. 119, 81 N.E.2d 45, 49, which holds that in a case of a multi-state publication the action accrues when the finished magazines are "released by the publisher for sale in accord with trade practice." After all the chief merit of the single publication rule is its capacity to reduce the confusions resulting from conflicts of laws. That capacity will be seriously impaired if the courts in States adopting the rule set up different tests for its application. To be sure, speaking from a federal bench I cannot prophesy, with certainty, that a court of Connecticut, or of Kansas either, if it shall adopt the single publication rule will also adopt the Gregoire test of accrual. But especially since that test seems to me as sensible as any that could be devised, I think it most unlikely that any court in this land of multiple jurisdictions, which adopts the single publication rule in order so to develop its own law as to minimize conflicts with the law prevailing elsewhere, would unnecessarily deviate from the test of accrual set up in the Gregoire case and thereby create a conflict with the law of New York as announced by that leading case.

It must be understood that I do not mean to imply that under the single publication rule a republication is not independently actionable. The record here on which the motion is based conclusively negatives facts from which a republication could be found.

And so, for present purposes I hold that all counts of the complaint are predicated upon publications made on or before September 29, 1949 and hence are barred by the three-year Statute of Limitations of Connecticut, the forum State. Gen.Stats.Conn., 1949, § 8316.

This is so even if the third count states a valid claim for a breach of plaintiff's right or privacy. For assuming that the right of privacy is cognizable under the applicable law, the only reasonable conclusion is that any State which adopts the single publication rule for purposes of the tort of libel, would also adopt it and apply it, with the same test as to the date of accrual, in cases of wrongful violations of the right of privacy. I so hold.

There is also pending a motion by the plaintiff that the ruling on the motion to dismiss be deferred until after defendant answers certain interrogatories which plaintiff filed three days after argument on the main motion. If any useful purpose could be served by the interrogatories I should incline to grant the motion, at least, in part. But I am convinced that this would be futile. Examination of the detailed interrogatories reveals that they are either, (a) totally irrelevant to any question involving the statute of limitations, (b) predicated upon the multiple publication rule or upon interpretations of the single publi-

cation rule which I have considered and rejected, or (c) already answered in substance by defendant's affidavits. No answer to any of them could, if consistent with defendant's affidavits, create an issue of fact pertaining to the defense of the Statute or otherwise aid the plaintiff's position thereon. In so far as the defendant's affidavits answer the interrogatories, in the absence of counter-affidavits, the answer thus contained must be taken as true. This motion is therefore denied; and,

It is ordered that the defendant's motion to dismiss the complaint be forthwith granted. The Clerk will enter judgment accordingly with costs to the defendant.